UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ASHIA DANSEREAU, on behalf of herself,
and all those similarly situated,

        Plaintiff,

v.                                     Case No. 5:10-cv-487-Oc-99MMH-JBT

KINGDOMS KIDS ZONE, INC., a Florida
corporation and ROSEMARY DAVILA,
individually,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment ("Motion") (Doc. 13), which was referred to the undersigned.

In the Motion, Plaintiff Ashia Dansereau seeks entry of default judgment against Defendants, Kingdoms Kids Zone, Inc.[1] and Rosemary Davila, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (*Id.*) Although given adequate time to do so, Defendants did not respond to the Motion, and, thus, on March 23, 2011, the Court entered an Order (Doc. 16), directing Defendants to file a response on or before April 18, 2011. To date, Defendants have not filed a

---

[1] It appears that Plaintiff's Complaint improperly names Defendant as "Kingdoms Kids Zone, Inc." when the actual name is "Kingdom Kids Zone, Inc." *See* Florida Department of State Division of Corporations Database available at http://www.sunbiz.org.

response; therefore, the Court will treat the Motion as unopposed.  However, based on the reasons stated herein, the Motion is due to be **DENIED**.

I.     **Procedural History**

On September 20, 2010, Plaintiff filed this action against Defendants, seeking unpaid minimum wage, liquidated damages, and reasonable attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Florida Minimum Wage Act, Fla. Stat. 448.  (Doc. 1.)  Plaintiff also alleged state law claims for breach of oral contract and conversion.  (*Id.*)

On September 29, 2010, Plaintiff effected service of process on Defendants. (Docs. 8 & 9.)  Defendants failed to file a responsive pleading or otherwise appear in the instant case.  Accordingly, on October 25, 2010, Plaintiff moved for entry of a clerk's default.  (Doc. 10.)  The Clerk of Court entered a default against both Defendants on October 27, 2010.  (Doc. 11.)

On January 28, 2011, the Court entered an Order directing Plaintiff to show cause why the claims raised against Defendants should not be dismissed for failure to prosecute by seeking a default judgment.  (Doc. 12.)  On February 16, 2011, Plaintiff filed her Response to the Show Cause Order (Doc. 14) and the instant Motion (Doc. 13).  Based on these filings, the Court's Order to Show Cause was discharged.  (Doc. 15.)

2

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court can enter a default judgment against the defendant for not appearing.  *See* Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs. Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not

well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

However, a "plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis

exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

**III. Analysis**

Upon review of the Complaint, the undersigned determines that Plaintiff's Motion is due to be denied.[2] To prevail on a claim for payment of overtime wages under the FLSA, Plaintiff must establish the following:

> (1) Plaintiff was employed by the Defendant during the time period involved;
>
> (2) Plaintiff was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce; and
>
> (3) Defendant failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction - Civil 1.7.1 (2005).

With respect to the second element, Plaintiff must establish either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

---

[2] The Motion focuses solely on Plaintiff's FLSA claim for failure to pay minimum wage and does not address Plaintiff's state law claims. (*See* Doc. 13.) The state law claims include: Count II – Violation of Fla. Stat. 448, Florida Minimum Wage Act Violation; Count III – Breach of Oral Contract – Unpaid Wage; and Count IV – Conversion. (Doc. 1.)

Plaintiff's Complaint does not expressly state whether she is proceeding under a theory of enterprise coverage or individual coverage. Contrary to Plaintiff's assertion (*see* Doc. 13 at 4), she has not sufficiently alleged either type of coverage. With respect to Defendant Kingdoms Kids Zone, Inc., Plaintiff simply alleges that Defendant is an "employer" that is "engaged in commerce" (Doc. 1, ¶ 9), without ever stating that it is an "enterprise."

The term "enterprise" is defined in 29 U.S.C. § 203(r). "Enterprise engaged in commerce or in the production of goods for commerce" is defined in 29 U.S.C. § 203(s)(1) as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
>
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
>
> (C) is an activity of a public agency.

29 U.S.C. §203(s)(1).

Plaintiff's Complaint fails to allege any facts showing that Kingdoms Kids Zone, Inc. qualifies as an enterprise and covered employer under any of the provisions of 29 U.S.C. § 203(s)(1). Accordingly, Plaintiff's sole assertion that Kingdoms Kids Zone, Inc. was an "employer" that was "engaged in commerce" is insufficient to fulfill the pleading requirements of Rule 8 to establish enterprise coverage. *See Twombly*, 550 U.S. at 570. Further, since Plaintiff seeks to hold Defendant Rosemary Davila liable as an "employer" by alleging that she acted "directly or indirectly in the interest" of Kingdoms Kids Zone, Inc. (Doc. 1, ¶10), it necessarily follows that Ms. Davila also cannot qualify as an enterprise and covered employer.

Likewise, Plaintiff failed to allege any of the requisite facts to support individual coverage. Plaintiff simply alleges that she was an "employee" and that the work she performed was "directly essential" to the work performed by Defendants. (Doc. 1, ¶¶ 5-6.) Plaintiff does not allege that she was engaged in commerce or in the production of goods for commerce. Thus, to the extent Plaintiff is attempting to assert individual coverage, she has failed to meet the pleading requirements of Rule 8.

Therefore, upon review of the factual allegations of Plaintiff's Complaint, which are deemed admitted, the Court concludes that Plaintiff has failed to allege sufficient facts to support either enterprise coverage or individual coverage, and, thus, she has

failed to state a claim for relief under the FLSA. Accordingly, Plaintiff has not provided an adequate legal basis for entry of default judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion (**Doc. 13**) is **DENIED**.

2. **On or before May 31, 2011**, Plaintiff may amend the Complaint. Should Plaintiff wish to pursue default judgment on the amended complaint, she must assure that the amended complaint is properly served on Defendants.

3. Failure to amend the Complaint by the above deadline may result in a recommendation that the case be **dismissed without prejudice** for failure to state a claim upon which relief can be granted as to Count I.[3] If such a recommendation is made, the undersigned will also recommend that the Court decline to exercise supplemental jurisdiction over the state law claims in Counts II through IV.

**DONE AND ORDERED** at Jacksonville, Florida, on May 9, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Any Unrepresented Party
Counsel of Record

---

[3] Dismissal may be recommended also for want of prosecution.